## CHARLICK a. THE FLUSHING R. R. COMPANY.

*Supreme Court, First District; Special Term, February*, 1860.

DISCOVERY AND INSPECTION.—BOOKS, &c., OF A CORPORATION.

A petition for a discovery should be denied where it appears that the petitioner might have access to the books and papers without an order—*e. g.*, where it appears that he is one of the directors of a corporation to which the books and papers belong, and that the custodian of them holds them subject to the control of the board thereof.

Petition for a discovery.

BONNEY, J.—Joseph W. Allen, one of the defendants in this action, applies by petition, under the Revised Statutes, 199, section 21, for an order that David S. Williams and William Stuart, co-defendants, produce and deposit in the office of the Clerk of Queen's County certain books of the Flushing Railroad Company, stated to be in their possession, and the examination of which is alleged to be necessary to enable the petitioner to prepare his defence.

The petitioner does not state that he has ever asked permission to examine said books, or that they have ever been refused, or in any way kept from him.

The defendant Stuart denies that he has any possession or control of the books. The defendant Williams, by affidavit, states that some books and papers of the company have been left in his possession for safe keeping; that he holds and always has held them subject to the control and orders of the Board of Directors of the Company, of which Board the petitioner is a member; that the petitioner could at any time have had free access to said books and papers, but has never applied to him (Williams) to see them, nor expressed any wish or desire to see them, nor requested copies thereof, or of any entries therein. Upon the papers before me, the application must clearly be denied. The defendant Williams is shown to be merely the custodian of the books and papers for the Railroad Company; and the petitioner, a member of the Board of Directors of the Company, may examine and copy them when and as he pleases. The application appears to have been wholly unnecessary.

Motion denied, with $10 costs to respondents Williams and Stuart.